### GARIBAY v. BRAND, Banking Com'r.
### No. 3014.

Court of Civil Appeals of Texas. Beaumont.

Nov. 5, 1936.

J. T. Canales and Kenneth Faxon, both of Brownsville, for appellant.

Seabury, Taylor & Wagner, of Brownsville, for appellee.

O'QUINN, Justice.

Suit by E. C. Brand, Banking Commissioner of the State of Texas, in his capacity as statutory receiver of the Texas Bank & Trust Company of Brownsville, Tex., a closed state banking corporation, against Eduardo F. Garibay to recover the sum of $2,166.67, representing a 100 per cent. assessment levied by appellee against appellant as the owner of 26⅔ shares of said bank's stock of the par value of $100 per share, less a credit of $500 theretofore paid by appellant. It was alleged that the bank closed on December 13, 1932. The assessment was made December 21, 1932.

Appellant answered admitting the ownership of 6⅔ shares of stock, but denied that he was the owner of the other 20 shares. He alleged that he held the 20 shares of stock merely as a pledge or security for the payment of a loan that he had made to one Pedro A. Chapa; that he was not then, nor had he ever been, the owner of said stock, but that same was held in his name only to secure the payment of the loan to Chapa, to whom the stock was originally issued.

Appellee by supplemental petition replied, and alleged that appellant was estopped to deny the ownership of the stock, fully pleading the matters alleged as estoppel.

The trial was to the court without a jury, and judgment rendered for appellee in the sum of $2,537.42, with interest thereon at the rate of 6 per cent. per annum from the date of the judgment, October 28, 1935, until paid. In the judgment, the court found that appellant was the owner of the stock, and that he was estopped to deny such ownership. This appeal is from that judgment.

The only question in the case is as to whether appellant was the owner of the bank stock. This was a question of fact, and the court found that appellant owned the stock and did not hold same as a pledge to secure the payment of a loan. Appellant assigns error against this finding as without support in the evidence. The undisputed evidence shows that one Pedro A. Chapa prior to and on December 15, 1931, was the owner of the 20 shares of bank stock in controversy, and that on that date he transferred same to appellant. This is shown by the stock book of the bank, wherein on said date

it appears that Chapa transferred said stock to appellant and he receipted for same. His signature acknowledging receipt of the certificate of the new stock issued to him by virtue of said transfer from Chapa is not disputed. However, he contends that he did not buy the 20 shares of bank stock from Chapa, but merely took and held same in pledge from Chapa to secure a loan of $1,750 that he on that day loaned to Chapa. Chapa was a director of the bank at the time of the transfer and reissuance of the stock, Certificate No. 143, to appellant. Chapa testified by deposition. On cross-examination, he admitted that on the date he transferred his 20 shares of stock to appellant, he, in a letter to the board of directors of the bank, tendered his resignation from the board, stating that he had sold his stock, and that after that date he did not attend any meeting of the board of directors, or take any part or do anything connected with the bank's business. This letter was in evidence. He also testified that the board of directors on December 22, 1931, accepted his resignation, and passed a resolution of regret as to his resignation, and same was spread upon the minute book of the bank. This was also in evidence. He further testified that when he transferred his stock to appellant, it was understood between him and appellant that he could reacquire the stock within twelve months by repaying the loan with interest, but that he had never paid same or any part thereof. He further testified that he did not execute to appellant any note for the loan.

Appellant Garibay testified that he did not buy the bank stock, but merely loaned Pedro A. Chapa $1,750 and took the bank stock as security for the loan. He admitted that Chapa did not execute to him any note evidencing the loan. Also, that his signature to the certificate of stock issued to him was his signature. Also, that the dividends on the stock were to be his in lieu of interest on the loan.

We do not think it necessary to make any further statement from the record, but overrule appellant's contention that the evidence does not support the court's finding that appellant was the owner of the stock. The finding has ample support.

What we have said disposes of the case, and we will not discuss the other assignments. They are all overruled.

The judgment is affirmed.